79 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Milton C. COLEMAN, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3355.
 United States Court of Appeals, Federal Circuit.
 March 4, 1996.
 
 Before ARCHER, Chief Judge, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Milton C. Coleman (Coleman) appeals the decision of the Merit Systems Protection Board (board), Docket No. DA0752940204I1, sustaining the action of the Department of the Air Force (agency) in removing Coleman from his position as a Production Controller.[1] We affirm.
 
 DISCUSSION
 I.
 
 2
 The agency removed Coleman from his position for (1) making a statement that threatened the safety and welfare of agency employees and property and (2) misrepresenting material facts during a scheduled appointment with a physician. The board found that because the agency officials regarded Coleman's statement as a threat, the agency immediately put him on enforced leave, changed the locks on the office, and requested that he submit medical documentation if his medical condition was the cause of his threatening statement. Coleman claimed that he made the statement to his supervisor in jest. The board, however, found Coleman's explanation implausible and concluded that Coleman had threatened the welfare of the agency employees and property.
 
 
 3
 The board also found that Coleman had made material misrepresentations to a doctor that he was seeing at the agency's request as to whether he had ever been treated by a psychiatrist and whether he had ever been prescribed medicine for a psychiatric illness.
 
 
 4
 Finally, the board found that Coleman had failed to establish his affirmative defense of discrimination. While the administrative judge had applied the wrong legal standard to analyze Coleman's discrimination claim, the board concluded that the error did not warrant reversal because Coleman was unable to meet his burden of proof under the correct standard.
 
 II.
 
 5
 Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the board unless it is (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.
 
 
 6
 The agency argues that because Coleman continues to make some arguments in his brief related to the discrimination claim raised before the board, we must dismiss this appeal as a "mixed" case. See 5 U.S.C. § 7702 (1995).[2] We must consider this jurisdictional question first. When Coleman filed his appeal with this court, he expressly waived his discrimination claim and at oral argument Coleman's counsel again disavowed that the discrimination claim before the board was an issue in this appeal. Therefore, to the extent Coleman's brief can be construed as making any discrimination argument, it will be disregarded as non-germane to this appeal.
 
 
 7
 Coleman argues that under the standards of Mertz v. Department of the Treasury, 780 F.2d 1001, 1004 (Fed.Cir.1986), the statement Coleman made to his supervisor did not amount to a threat. It is clear, however, that the board specifically considered the applicable Mertz factors and concluded on the basis of all the evidence that it did. There is substantial evidence in the record to support the board's findings on the factors set forth in Mertz. In this connection, the board found Coleman's supervisor's versions of the events of June 1, 1993, when the statement was made, more credible than Coleman's version. This court will not disturb the credibility findings of the board relating to the testimony of Coleman and Coleman's supervisor. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (credibility determinations are "virtually unreviewable" on appeal).
 
 
 8
 We have also considered Coleman's other principal argument that he did not misrepresent material facts during a scheduled appointment with a physician. Again, substantial evidence supports the board's findings, which we must therefore affirm under our standard of review. The board thoroughly reviewed the evidence and found that Coleman misrepresented material facts regarding prior consultation for mental problems and prescribed medicine.
 
 
 9
 Accordingly, we affirm the decision of the board.
 
 
 
 [1]
 The May 20, 1994 initial decision of the administrative judge upholding the removal of Coleman was affirmed and modified by the board on February 16, 1995
 
 
 [2]
 If Coleman were appealing his discrimination claim, we would be required to dismiss the case for lack of jurisdiction because this court does not have jurisdiction over an appeal which consists of a discrimination claim not within our jurisdiction mixed with an appealable action. Williams v. Department of the Army, 715 F.2d 1485 (Fed.Cir.1983)